THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JARED L. GAINES, Defendant-Appellant.

Second District    No. 2—01—0564

Opinion filed December 3, 2002.

G. Joseph Weller and Steven E. Wiltgen, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (Martin P. Moltz, of State's Attorneys Appellate Prosecutor's Office, of counsel), and Barry W. Jacobs, of Chicago, for the People.

JUSTICE KAPALA delivered the opinion of the court:

Following a jury trial in the circuit court of Lake County, defendant, Jared L. Gaines, was found guilty of aggravated battery of a child (720 ILCS 5/12—4.3(a) (West 1998)) and was sentenced to 28 years' imprisonment. His conviction and sentence were affirmed on direct appeal. *People v. Gaines*, No. 2—99—1262 (2001) (unpublished order under Supreme Court Rule 23). On April 19, 2001, one day before our decision in defendant's direct appeal was filed, defendant filed a timely *pro se* petition seeking relief from the judgment of conviction pursuant to section 2—1401 of the Code of Civil Procedure. 735 ILCS 5/2—1401 (West 2000). In his petition, defendant alleged that he and a codefendant, Cherrie Sargent, were tried simultaneously and that the jury hearing defendant's case heard evidence that Sargent had made statements that she and defendant had conspired to kill their child. In his petition defendant claimed that his conviction was a direct result of Sargent's statements. With the petition, defendant submitted an affidavit from Sargent averring that the statements were false and that she made them in response to coercion from police who threatened to take her child away if she did not make the statements. Defendant made an additional request for the appointment of counsel.

On April 20, 2001, the trial court appointed the Lake County public defender to represent defendant, advised the prosecutor that it would give defendant a hearing date, and set the petition for status.

On April 24, 2001, the State filed a "motion to reconsider." Although it addressed the merits of defendant's petition, the State's motion to reconsider did not expressly seek a dispositive ruling on the petition. Rather, the prayer for relief consisted of the following sentence fragment: "WHEREFORE the People of the State of Illinois respectfully request this Court to reconsider any rulings made regarding the Petition filed by [defendant], and that the Court." In its mo-

tion the State claimed that in order to prevail on his petition defendant "must prove on the face of his petition that the 'newly discovered evidence' existed at the time of his trial." According to the State, "Cherrie Sargeant [*sic*] testified during her portion of this double jury trial and said testimony was different, but not substantially so, from her affidavit." In seeming contradiction, however, the State stated that "[t]he testimony of Cherrie Sargeant [*sic*] was not available to [defendant] during the prior trial due to her Fifth Amendment right against self-incrimination." The State further contended that the evidence would not have changed the result of defendant's trial.

The judge, who was different from the judge who had presided over defendant's trial, heard the State's motion the same day it was filed. An assistant public defender appeared on defendant's behalf, but he advised the court that he had received no prior notice of the motion and was unprepared to argue against it. The State, however, was allowed to proceed with its argument. While the State recognized that defendant filed his petition pursuant to section 2—1401 of the Code of Civil Procedure, the State contended:

> "It's much like a post-conviction petition, but on the 2—1401, the defendant must show on the face of his petition that evidence existed, No. 1, at the time of his trial. No. 2, that through no fault of his own, it was newly discovered. And No. 3, that it would change a result of his trial. *If he does not show that, we don't go any further. We don't have any attorneys appointed; we don't order him to be brought to Lake County, and the State does not have to file a response to that petition.*" (Emphasis added.)

Similarly, the State contended:

> "Nothing happens, and that includes the appointment of an attorney, until the Court finds the petitioner has sustained his burden of proof *on the face of his complaint.* Nothing. He has no right to be present; he does not get an attorney. No hearing is ordered; the State does not have to respond." (Emphasis added.)

Having essentially taken the position that, as with a postconviction petition, the State was not required to respond to the section 2—1401 petition until the trial court made an independent determination of the sufficiency of the petition, the State nonetheless proceeded with an argument on the merits of the petition contending, *inter alia*, that Sargent's statement "isn't any different now than it was then, which shows that, No. 1, it's not newly discovered evidence." According to the State:

> "She said this to the jury last time. She said the police forced her to say what she said. The jury rejected that."

The State also indicated that defendant's direct appeal was still pending, although, in fact, our decision had been issued a few days earlier.

Based on the State's representations about Sargent's testimony, the trial court ruled Sargent's statements were not newly discovered evidence. The court noted that the case was "pending before the appellate court, where issues of this magnitude can be raised." The court also found that the petition was "frivolous at this juncture" and terminated the appointment of counsel. In a written order, the trial court dismissed the petition on the basis that defendant "fail[ed] to sustain his burden of proof." This appeal followed. We note that the record on appeal does not include a transcript of defendant's trial.

▪ Defendant argues that the trial court erred in dismissing his petition. Based on the substantial irregularities in the proceedings below, we agree. Our supreme court has described the application of section 2—1401 to criminal convictions:

> "Section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 1996)) provides a comprehensive statutory procedure by which final orders, judgments, and decrees may be vacated after 30 days from their entry. Although a section 2—1401 petition is usually characterized as a civil remedy, its remedial powers extend to criminal cases. [Citation.] A section 2—1401 petition for relief from a final judgment is the forum in a criminal case in which to correct all errors of fact occurring in the prosecution of a cause, unknown to the petitioner and court at the time judgment was entered, which, if then known, would have prevented its rendition. [Citations.]" *People v. Haynes*, 192 Ill. 2d 437, 460-61 (2000).

In his petition, defendant asserted that newly discovered evidence that a codefendant made false statements under duress would have prevented defendant's conviction.

The State essentially advocated treating defendant's petition as a postconviction petition, and the trial court's dismissal order resembles a summary dismissal under section 122—2.1(a)(2) of the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—2.1(a)(2) (West 2000)). Section 2—1401 and the Act both afford procedures for advancing a collateral challenge to a criminal conviction, but they are separate and distinct remedial provisions. Thus, for example, while only constitutional claims are cognizable in a postconviction proceeding (725 ILCS 5/122—1(a) (West 2000)), this limitation does not apply in proceedings under section 2—1401 (see *People v. Brown*, 169 Ill. 2d 94, 107 (1995)).

More importantly, the particular statutory procedures applicable to petitions under the Act do not apply to section 2—1401 proceedings. The Act instructs the trial court to independently examine a postconviction petition within 90 days after it is filed. 725 ILCS 5/122—2.1(a) (West 2000). "At this stage, the Act does not permit any further pleadings from the defendant or any motions or responsive

pleadings from the State." *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996). The court is directed to summarily dismiss the petition if the court finds that it is "frivolous or is patently without merit." 725 ILCS 5/122—2.1(a)(2) (West 2000). Otherwise, the petition is docketed for further proceedings of a traditional adversary nature. 725 ILCS 5/122—2.1(b) (West 2000). The Act provides that after the court's summary review counsel may be appointed for indigent defendants. 725 ILCS 5/122—4 (West 2000). In contrast, section 2—1401 has no corresponding provision for independent examination by the trial court, nor is the trial court authorized to summarily dismiss a section 2—1401 petition. Moreover, unlike proceedings under the Act, there is no statutory basis for the appointment of counsel in a section 2—1401 proceeding.

■During the proceedings below, the State argued that defendant's petition was subject to summary dismissal. As noted, the summary dismissal procedure is applicable to postconviction petitions, not section 2—1401 petitions. Moreover, even if this was a postconviction matter, summary dismissal would have been improper because the State participated in the summary review proceedings and the trial court clearly relied on the State's arguments. See *Gaultney*, 174 Ill. 2d at 419-20.

A section 2—1401 petition is akin to the complaint in a civil action, and to challenge the petition, the opponent must either move to dismiss it or file an answer. See *Carroll & Nieman, Inc. v. Silverman*, 28 Ill. App. 3d 289, 290-91 (1975). It is apparent from the court's order that the trial judge considered the State's "motion to reconsider" as a motion to dismiss. As the written order stated, "it is hereby ordered that the People's motion is granted, and the petitioner's 2—1401 petition is dismissed."

Here, the procedures followed below were seriously flawed. Defendant's attorney was not given adequate notice of the motion and did not have a meaningful opportunity to respond. This was particularly unfair in this case as the State based its argument, in part, on evidence at trial even though the judge who heard the State's motion had not presided over the trial and was not familiar with the evidence. We believe basic notions of fairness dictate that the defendant be afforded notice of, and an opportunity to respond to, any motion or responsive pleading by the State. Specifically, in this case, defendant should have had an opportunity to respond to the State's factual representations about what occurred at trial.

On appeal, the State largely ignores the procedural irregularities below, focusing instead on the merits of the petition. According to the State, defendant's petition does not warrant relief under section

2—1401 because Cherrie Sargent's affidavit is essentially the same as her trial testimony. This argument is not cognizable in this court because Sargent's trial testimony is not part of the record on appeal. We will not consider facts outside the record. See *Talbert & Mallon, P.C. v. Stokes Towing Co.*, 213 Ill. App. 3d 992, 996 (1991).

For the foregoing reasons, the judgment of the circuit court of Lake County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

BOWMAN and GROMETER, JJ., concur.