THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ALBERT S. WINFREY, Defendant-Appellant.

Second District   No. 2—02—1224

Opinion filed April 22, 2004.

G. Joseph Weller and Paul J. Glaser, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (Martin P. Moltz and Diane L. Campbell, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE O'MALLEY delivered the opinion of the court:

Defendant, Albert S. Winfrey, appeals the trial court's summary denial of his *habeas corpus* petition. He contends that, in dismissing his petition, the court improperly treated it as a postconviction petition. We reverse and remand.

Defendant filed a *pro se* petition for *habeas corpus* relief. See 735 ILCS 5/10—101 *et seq.* (West 2002). In his petition, he argued that the Department of Corrections (DOC) had revoked his good-conduct credit in violation of the Illinois Administrative Code (20 Ill. Adm. Code § 504.10 *et seq.* (West 2002)) and that he had been denied his right to fairly grieve the decision. The State did not file an answer to the petition or a motion to dismiss it. The court denied the petition *sua sponte*. Defendant had no notice of and no opportunity to respond to the court's denial of his petition. He timely appealed.

Defendant contends that the trial court erred in summarily denying his pleading as if it were a postconviction petition filed pursuant to the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122—1 *et seq.* (West 2002)). Whether the court complied with the applicable statutory procedure is a question of law and our review is *de novo*. See *Woods v. Cole*, 181 Ill. 2d 512, 516 (1998).

We hold that the court erred in summarily denying defendant's *habeas corpus* petition. In *People v. Gaines*, 335 Ill. App. 3d 292 (2002), and *People v. Shellstrom*, 345 Ill. App. 3d 175 (2003), we addressed this same procedural issue in two related contexts. In *Gaines*, the defendant filed a petition seeking relief from judgment pursuant to section 2—1401 of the Code of Civil Procedure (the Code) (735 ILCS 5/2—1401 (West 2002)). The State urged the trial court to treat the petition like a postconviction petition and make an initial determination before requiring the State to respond. The trial court followed the State's suggestion and dismissed the petition in a manner resembling a summary dismissal under the Act. The defendant appealed and we reversed. We held that the "particular statutory procedures applicable

to petitions under the Act do not apply to section 2—1401 proceedings." *Gaines*, 335 Ill. App. 3d at 295. We reasoned that while the Act allows the trial court to independently consider and summarily dismiss a postconviction petition, "section 2—1401 has no corresponding provision for independent examination by the trial court, nor is the trial court authorized to summarily dismiss a section 2—1401 petition." *Gaines*, 335 Ill. App. 3d at 296. We also noted that a section 2—1401 petition is similar to a complaint in a civil action, and hence the opponent must either move to dismiss it or file an answer. *Gaines*, 335 Ill. App. 3d at 296; see also *People v. Pearson*, 345 Ill. App. 3d 191, 194-95 (2003).

In *Shellstrom*, the defendant filed a complaint pursuant to the *mandamus* statute (735 ILCS 5/14—101 *et seq.* (West 2002)). The trial court treated the complaint as a postconviction petition pursuant to the Act and summarily dismissed it. The defendant had no notice of and no opportunity to respond to the trial court's dismissal of his complaint. He appealed and we reversed. We held that the *mandamus* statute did not authorize the trial court to summarily dismiss a *mandamus* complaint. *Shellstrom*, 345 Ill. App. 3d at 177. We also held that the summary dismissal of the complaint contravened section 2—612(a) of the Code (735 ILCS 5/2—612(a) (West 2002)); while the trial court could have struck the defendant's complaint and ordered other pleadings prepared, it could not dismiss the complaint on its own motion, unless the complaint failed to state a cognizable cause of action recognized in this state. *Shellstrom*, 345 Ill. App. 3d at 177; see also *Mitchell v. Norman James Construction Co.*, 291 Ill. App. 3d 927, 938 (1997). Finally, we held that even if the complaint did fail to state a cognizable cause of action, the court erred because the defendant was given neither notice nor an opportunity to be heard on the issues upon which the trial court based its dismissal. *Shellstrom*, 345 Ill. App. 3d at 177-78; see also *Pearson*, 345 Ill. App. 3d at 193-95.

The reasoning in *Gaines* and *Shellstrom* applies here as well. The *habeas corpus* statute, which is contained within the provisions of the Code, does not authorize the trial court to summarily deny a *habeas corpus* petition. Moreover, the trial court's summary denial contravened section 2—612(a) of the Code. See *Shellstrom*, 345 Ill. App. 3d at 177. Finally, defendant was given no notice of and no opportunity to respond to the trial court's denial of his petition. Accordingly, the trial court committed reversible error when it summarily denied defendant's petition.

The State argues that we should follow *Mason v. Snyder*, 332 Ill. App. 3d 834 (2002). In *Mason*, the defendant filed a *pro se mandamus* complaint. The trial court dismissed it *sua sponte*. The Appellate

Court, Fourth District, held that a trial court may evaluate and dismiss *sua sponte* a *mandamus* complaint. The court reasoned:

> "[T]rial courts may evaluate such petitions to determine their sufficiency, particularly when filed by DOC inmates. In so concluding, we take judicial notice of our own records, which show an ever-increasing number of appeals brought by inmates in such cases, as well as the fact that DOC currently houses over 46,000 inmates. The potential to overwhelm the courts and the civil justice system by the filing of groundless DOC inmate *mandamus* petitions is clear and real, and one first step to deal with this situation is to recognize the trial court's authority to evaluate such petitions for their sufficiency." *Mason*, 332 Ill. App. 3d at 840.

The State contends that the same reasoning applies in the context of *habeas corpus* petitions.

We rejected this reasoning in *Shellstrom*, and we do so again here. In *Shellstrom*, we held:

> "While [the difficulty of dealing with the volume of *mandamus* complaints filed by DOC inmates] is a real concern for trial courts, we should not attempt to remedy this concern by reading into the *mandamus* statute a summary dismissal procedure that is not there. The procedural framework of *mandamus* actions is not a policy issue for the courts to decide but, rather, a legislative decision to be made by the General Assembly. Accordingly, it is the province of the legislature, not the judiciary, to amend the statute to allow for summary dismissals.
>
> ***
>
> The Code, including the *mandamus* statute, provides a clear procedural framework that applies regardless of the merits of the allegations in the complaint. Accordingly, the fact that a *mandamus* complaint appears meritless does not excuse compliance with the procedural provisions of the Code. Additionally, the fact that a *mandamus* plaintiff is a DOC inmate in no way invests the trial court with the discretion to bypass clear statutory rules." *Shellstrom*, 345 Ill. App. 3d at 178-79.

As our reasoning applies with equal force to *habeas corpus* petitions, we decline to follow *Mason* here.

We note that our holding conflicts with another Fourth District case, *Schlemm v. Cowan*, 323 Ill. App. 3d 318 (2001). There, the defendant argued that the trial court improperly treated his *habeas corpus* petition as a postconviction petition filed under the Act. The appellate court disagreed. Relying on *People v. Sturgeon*, 272 Ill. App. 3d 48 (1995), the court reasoned that "when petitioners seek to attack their criminal convictions by way of a *pro se* writ of *habeas corpus* petition or section 2—1401 petition [citation], the trial court should

initially consider the petition under the Act." *Schlemm*, 323 Ill. App. 3d at 321. To the extent that *Schlemm requires* trial courts to consider *habeas corpus* petitions as postconviction petitions under the Act, it conflicts with the Act and therefore is not good law. See 725 ILCS 5/122—1(d) (West 2002) ("A trial court that has received a petition complaining of a conviction or sentence that fails to specify in the petition or its heading that it is filed under this Section *need not* evaluate the petition to determine whether it could otherwise have stated some grounds for relief under this Article" (emphasis added)).

Finally, the State argues that even if the court erred in denying the petition in a summary fashion, the court correctly denied the petition because it was meritless. The State appears to be arguing that the trial court's incorrect treatment of the petition did not prejudice defendant. However, a trial court's failure to give a nonmovant notice of and an opportunity to respond to a dispositive motion is inherently prejudicial. *Shellstrom*, 345 Ill. App. 3d at 177. Therefore, even if defendant's *habeas corpus* petition is meritless, the trial court's error nevertheless prejudiced defendant, who had no notice of and no opportunity to respond to the court's *sua sponte* denial of his petition.

The judgment of the circuit court of Lake County is reversed, and the cause is remanded.

Reversed and remanded.

McLAREN and BOWMAN, JJ., concur.