THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICHARD DYCHES, Defendant-Appellant.

First District (6th Division)    No. 1—02—0900

Opinion filed January 28, 2005.

Michael J. Pelletier and Adolfo Mondragon, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Manny Magence, and Amit Trivedi, Assistant State's Attorneys, of counsel), for the People.

JUSTICE O'MARA FROSSARD delivered the opinion of the court:

Defendant Richard Dyches pled guilty to first degree murder, armed robbery, and aggravated kidnaping. The circuit court sentenced defendant to natural life in prison for first degree murder and concurrent 30-year prison terms for armed robbery and aggravated kidnaping. On appeal, defendant contends that the circuit court improperly summarily dismissed his *pro se* "motion for relief from judgment" brought pursuant to section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 2000)). We affirm.

On October 14, 1998, at the guilty plea hearing, the circuit court admonished defendant, in relevant part, that by pleading guilty he waived the right to a trial by jury to determine his guilt or innocence and his possible sentence. Defendant indicated that he understood. The court then accepted defendant's guilty plea to first degree murder, armed robbery, and aggravated kidnaping and sentenced him to natural life in prison and concurrent 30-year sentences, respectively.[1]

On December 13, 2000, defendant filed a *pro se* "motion for relief

---

[1] Defendant committed the crimes with codefendants Dennis Soto and

from judgment," which he characterized as a section 2—1401 petition. Defendant alleged in his petition that his sentence was unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). On January 12, 2001, the circuit court summarily dismissed defendant's petition. Whether the circuit court had the authority to summarily dismiss defendant's petition raises a question of law, and accordingly, our review is *de novo. People v. Johnson*, 352 Ill. App. 3d 442, 444 (2004).

On appeal, defendant contends that the circuit court improperly summarily dismissed his section 2—1401 petition, relying primarily on *People v. Pearson*, 345 Ill. App. 3d 191 (2003), *appeal allowed*, 208 Ill. 2d 549 (2004). The districts of this court are in dispute as to whether a circuit court may summarily dismiss a defendant's section 2—1401 petition. In *Pearson*, the Second District held that the circuit court commits reversible error by dismissing a section 2—1401 petition without providing the defendant with notice and an opportunity to respond to the dismissal, and that a reviewing court cannot look beyond the error to assess the merits of the petition. *Pearson*, 345 Ill. App. 3d 191. The Second District has held the same in *People v. Mescall*, 347 Ill. App. 3d 995, 1000 (2004), and in *People v. Gaines*, 335 Ill. App. 3d 292, 295-96 (2002). See also *People v. Keller*, 353 Ill. App. 3d 830 (2004) (summary dismissal of motion for declaratory judgment improper; harmless error did not apply); *People v. Winfrey*, 347 Ill. App. 3d 987 (2004) (trial court may not summarily deny a *habeas corpus* petition); *People v. Shellstrom*, 345 Ill. App. 3d 175 (2003) (trial court may not summarily dismiss a *mandamus* complaint), *appeal allowed*, 208 Ill. 2d 552 (2004).

*Pearson* rejected the summary dismissal of the section 2—1401 petition because the defendant received neither notice nor the opportunity to respond to the dismissal of his petition. The court held as follows:

> "The process of judicial review of a petition under the [Post-Conviction Hearing] Act—without comment by either party—is a significant and unusual departure from the adversary process. The legislature has mandated that departure in the specific context of the Act. We see no possible basis for importing such an unusual procedure into matters governed by the Code of Civil Procedure." *Pearson*, 345 Ill. App. 3d at 194.

Anthony Spencer. This court affirmed codefendant Soto's conviction and sentence. *People v. Soto*, No. 1—98—1069 (1999) (unpublished order under Supreme Court Rule 23). This court affirmed as modified codefendant Spencer's conviction and sentence. *People v. Spencer*, No. 1—99—0155 (2000) (unpublished order under Supreme Court Rule 23).

The *Pearson* court further rejected the State's harmless error analysis: "Despite the predictability of the ultimate dismissal of this petition, we think that the procedure by which the trial court dismissed it was simply too far removed from what defendant was entitled to for us to review the matter as if defendant had been given notice and an opportunity to answer." *Pearson*, 345 Ill. App. 3d at 196.

On the other hand, the Fourth District has held that a circuit court has the inherent authority to dismiss a section 2—1401 petition *sua sponte* if it is frivolous and without merit. *People v. Bramlett*, 347 Ill. App. 3d 468, 472 (2004). The court in *Bramlett* analogized to postconviction cases and concluded it was not unfair to dismiss a section 2—1401 petition without notice and an opportunity to be heard because summary dismissal of postconviction petitions did not violate due process. *Bramlett*, 347 Ill. App. 3d at 472-73. See also *Mason v. Snyder*, 332 Ill. App. 3d 834, 839-43 (2002), *appeal denied*, 205 Ill. 2d 587 (2003) (summary dismissal of *mandamus* petition proper).

In the First District, the third and fourth divisions have held that summary dismissal of a section 2—1401 petition is proper where the petition raises a pure question of law and the defendant incurs no prejudice from the dismissal based on the frivolous claims in the petition. *People v. Schrader*, 353 Ill. App. 3d 684, 687 (1st Dist., 3d Div. 2004); *People v. Taylor*, 349 Ill. App. 3d 718, 720 (1st Dist., 4th Div. 2004). The First District has allowed summary dismissal in similar situations in *People v. Johnson*, 352 Ill. App. 3d 442 (1st Dist., 1st Div. 2004) (because section 2—1401 petition was in substance a postconviction petition, summary dismissal was proper), *People v. Carroll*, 351 Ill. App. 3d 972 (1st Dist., 6th Div. 2004) (summary denial of *habeas corpus* petition proper where defendant did not raise any legal argument or cite legal authority to support his claim and no prejudice resulted from summary dismissal), and *Owens v. Snyder*, 349 Ill. App. 3d 35 (1st Dist., 2d Div. 2004) (summary dismissal of *mandamus* petition proper where found to be frivolous and no prejudice was incurred by defendant).

In *People v. Anderson*, 352 Ill. App. 3d 934, 942 (2004), the First Division of the First District concurred with *Pearson* in finding that it is unfair to a defendant, when faced with the proposed dismissal of his section 2—1401 petition, to be deprived of notice and an opportunity to respond. The *Anderson* decision articulated various reasons for prohibiting the use of the summary dismissal procedure, including the fact that notice and an opportunity to respond are fundamental principles of justice. *Anderson*, 352 Ill. App. 3d at 942. *Anderson* also noted that the legislature expressly provided for the summary dismissal of a postconviction petition in the Post-Conviction Hearing

Act (725 ILCS 5/122—1 *et seq.* (West 2000)), but did not do so in section 2—1401. *Anderson*, 352 Ill. App. 3d at 944-45. The court emphasized that summary dismissal, which is a drastic procedure, should not be read into the procedures provided by section 2—1401. *Anderson*, 352 Ill. App. 3d at 945. *Anderson*, however, then departed from *Pearson* and its progeny by holding that the harmless error analysis should still be applied where the defects are patently incurable. *Anderson*, 352 Ill. App. 3d at 946-47. The court reasoned that where the dismissal of the petition is inevitable and further proceedings in the circuit court would have little remedial effect and only delay dismissal, the summary dismissal should be affirmed based on harmless error. *Anderson*, 352 Ill. App. 3d at 947-48. The court explained that its application of the harmless error analysis was consistent with the general duty of the reviewing court to consider the record as a whole and ignore harmless errors. *Anderson*, 352 Ill. App. 3d at 948.

Notably, two justices wrote separate, special concurrences in *Anderson*. Both concurred with the majority's decision in affirming the summary dismissal but disagreed with the finding that the circuit court erred in summarily dismissing the petition on procedural grounds. *Anderson*, 352 Ill. App. 3d at 948-49 (McBride, J., specially concurring), 949-52 (O'Malley, P.J., specially concurring). It also should be noted that since *Anderson* was filed, the first division of the First District, in *People v. Sargent*, 357 Ill. App. 3d 946 (2005), reiterated *Anderson*'s holding that summary dismissal, even if regarded as procedurally erroneous, remains subject to harmless error analysis, although *Sargent* addressed summary dismissal of a postconviction petition, not summary dismissal of a section 2—1401 petition.

■ We follow the well-reasoned approach taken in *Anderson* regarding application of the harmless error analysis. We agree with *Anderson* that summary dismissal, which is a drastic procedure, should not be incorporated into the procedures provided by section 2—1401. See *Anderson*, 352 Ill. App. 3d at 945. We hold, following *Anderson*, that harmless error analysis should be applied where defects in a section 2—1401 petition are patently incurable.

■ In the instant case, the inherent defects in the section 2—1401 petition are patently incurable. Here, defendant pled guilty and then filed a section 2—1401 petition in which he alleged his sentence was unconstitutional under *Apprendi*. The circuit court summarily dismissed defendant's petition without comment. Our supreme court has held that a guilty plea waives any *Apprendi*-based claims. *People v. Townsell*, 209 Ill. 2d 543, 546, 548 (2004), citing *People v. Jackson*, 199

Ill. 2d 286, 296 (2002). We find in the present case that regardless of whether the circuit court erred in failing to provide defendant with notice and an opportunity to be heard, defendant could not have cured the inherent defects in his section 2—1401 petition because he could not allege any facts that would circumvent our supreme court precedent and make his sentence subject to *Apprendi*. The dismissal of the petition was inevitable and further proceedings would only have delayed that result. See *Anderson*, 352 Ill. App. 3d at 947-48. Accordingly, any procedural error was harmless.

For the reasons previously discussed, we affirm the circuit court's judgment.

Affirmed.

McNULTY and TULLY, JJ., concur.