SIXTH DIVISION
September 29, 2006

No. 1-04-2017

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff, | ) | Cook County |
| | ) | |
| v. | ) | |
| | ) | |
| JOHNNIE ROSS, | ) | Honorable |
| | ) | Stuart Palmer, |
| Defendant-Appellant. | ) | Judge Presiding |

JUSTICE McNULTY delivered the opinion of the court:

Johnnie Ross requested certain documents from the Chicago police department (the Department). The Department denied much of the request. Ross then filed a *pro se* petition with the circuit court, seeking an order directing the Department to release the documents he sought. The trial court dismissed the petition with prejudice on its own motion and without giving Ross notice or an opportunity to argue in support of his petition. Ross now appeals.

We find that the Code of Civil Procedure (735 ILCS 5/1-101 *et seq.* (West 2004)) does not permit dismissal of this petition without notice to the petitioner. Because we cannot find the procedural error harmless under the circumstances of this case, we reverse and remand for further proceedings on the petition, with proper notice to Ross.

BACKGROUND

On September 15, 1994, a jury found Ross guilty of murder, attempted murder and armed robbery. The court sentenced Ross to

90 years in prison. This court affirmed the convictions and sentence on direct appeal. People v. Ross, No. 1-94-3964 (1997) (unpublished order under Supreme Court Rule 23). Over the following years Ross filed four *pro se* postconviction petitions. The trial court summarily dismissed all four petitions, and this court affirmed all four summary dismissals.

In July 2003 Ross asked the Department for all police reports concerning the murder and robbery of which the jury found him guilty. He expressly premised his request on the Freedom of Information Act (5 ILCS 140/1 *et seq.* (West 2002)). The Department provided some documents with some information deleted, and it refused to provide several other documents.

In March 2004 Ross, *pro se*, filed in circuit court a document he titled "Petition for Mandamus." Although he named himself as plaintiff and the City of Chicago Department of Police as defendant, the clerk assigned the petition to the criminal case, effectively treating the document as another postconviction petition. In the petition Ross claimed that the Department failed to perform its duty to produce the requested records. He appended to the petition the letter the Department sent him notifying him of the denial of his request, along with a document titled "Freedom of Information Appeal," addressed to the superintendent of the Department.

The trial court, *sua sponte* and without notice to any party, decided to dismiss the petition with prejudice. No party

appeared at the hearing on March 25, 2004, when the court disposed of the case.  Ross now appeals.

ANALYSIS

Ross styled his pleading as a petition for *mandamus*.  When the court confronts such a petition, it has authority to recharacterize the petition *sua sponte* (People v. Shellstrom, 216 Ill. 2d 45, 53 (2005)) or dismiss it *sua sponte* (Owens v. Snyder, 349 Ill. App. 3d 35, 43-44 (2004)).  Several courts have analogized *mandamus* petitions in a criminal context to petitions for relief from judgment brought under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2004)).  See Owens, 349 Ill. App. 3d at 42-43; People v. Bramlett, 347 Ill. App. 3d 468, 472 (2004); People v. Winfrey, 347 Ill. App. 3d 987, 988-89 (2004).  Statutory provisions governing *mandamus*, like the provisions governing relief from judgment, give no explicit guidance for proceedings when the court acts on its own motion. 735 ILCS 5/14-101 *et seq.*, 2-1401 *et seq.* (West 2004); People v. Dyches, 355 Ill. App. 3d 225, 229 (2005).

Our supreme court, in Shellstrom, set out the procedures for the trial court to follow when it acts on its own motion to recharacterize a *pro se* petition for *mandamus*.  Before recharacterizing the petition, the trial court must (1) notify the petitioner of the court's intent to recharacterize the pleading, (2) warn the petitioner of the consequences of the

proposed recharacterization, and (3) "provide the litigant an opportunity to withdraw the pleading or to amend it." Shellstrom, 216 Ill. 2d at 57.

The various districts of the appellate court have not agreed on the proper procedures for dismissal on the court's motion of petitions labeled as *mandamus* actions or petitions for relief from judgment. Compare Mason v. Snyder, 332 Ill. App. 3d 834 (4th Dist. 2002); People v. Gaines, 335 Ill. App. 3d 292, 296 (2d Dist. 2002); Dyches, 355 Ill. App. 3d at 229. We follow the well-reasoned approach adopted by this division in Dyches and by the Third District in People v. Edwards, 355 Ill. App. 3d 1091, 1100 (2005).

In Edwards the appellate court acknowledged the court's authority to dismiss frivolous petitions *sua sponte*, but held that trial courts should not do so without notice to the petitioner.

> "*Sua sponte* action means only that the court initiates a motion, which then follows the otherwise applicable procedures, including notice of the proposed judicial action and the opportunity to argue against such action, as required in fairness to the litigants."
> Edwards, 355 Ill. App. 3d at 1100.

The court held that because section 2-1401 did not explicitly provide for dismissal without prior notice to the litigants, the court must interpret the statute as disallowing such a summary

dismissal.

This division similarly held that "summary dismissal, which is a drastic procedure, should not be read into the procedures provided by section 2-1401." Dyches, 355 Ill. App. 3d at 229. The trial court in Dyches failed to provide the requisite notice before summarily dismissing a petition brought pursuant to section 2-1401. While the appellate court held that the trial court erred, the appellate court found the error harmless because the petition included "patently incurable" defects. Dyches, 355 Ill. App. 3d at 229.

The decision in Owens largely comports with the approach taken in Dyches and Edwards. In Owens, the plaintiff filed a complaint for *mandamus* and the trial court summarily dismissed the complaint, without prior notice to the plaintiff and before issuance of a summons to the defendant named in the complaint for *mandamus*. The plaintiff argued that the court's failure to wait for service of summons on the defendant rendered the decision void for lack of jurisdiction. The appellate court held that the trial court acquired both subject matter jurisdiction and personal jurisdiction over the plaintiff when he filed the complaint, and therefore the court had jurisdiction to dismiss the complaint. Owens, 349 Ill. App. 3d at 41. The plaintiff did not argue for reversal on grounds of the failure to provide notice to the plaintiff of the trial court's own motion to dismiss.

The appellate court in <u>Owens</u> held that the plaintiff suffered no prejudice due to the failure to serve summons on the defendant.  <u>Owens</u>, 349 Ill. App. 3d at 44.  The court's reasoning shows that it found any possible procedural defect harmless:

"If the trial court had followed the Code and defendant had been served, plaintiff would be in the same position he now is in. Dismissal of his complaint was inevitable. Plaintiff requests this court to reverse and remand for further proceedings. Such action would have little remedial effect, only delaying dismissal.  ***

*** [P]laintiff did not demonstrate anything close to a clear, affirmative right to relief ***.  There was nothing plaintiff could do to make it any better. He simply was off the track and could not get back on. We do not believe the legislature intended to require judges and clerks to jump through useless hoops aimed toward impossible goals."  <u>Owens</u>, 349 Ill. App. 3d at 45.

Thus, the court in <u>Owens</u>, like the court in <u>Dyches</u>, found that the failure to follow statutory procedures did not require reversal because the complaint had patently incurable defects.

Following <u>Dyches</u> and <u>Edwards</u>, we hold that when a trial court finds a *mandamus* petition insufficient to state a claim for *mandamus* relief or for relief from a judgment, the court must

first notify the petitioner of its intention to dismiss the petition as insufficient, just as the court would need to notify the petitioner before recharacterizing the petition. The petitioner then should have the opportunity to withdraw or amend his pleading and to argue in court for the sufficiency of the petition. See People v. Anderson, 352 Ill. App. 3d 934, 944 (2004). If the trial court fails to follow proper procedures for its own motion to dismiss, and the procedural defect prejudices the petitioner, we must reverse. But this court will not reverse the judgment if the trial court committed only harmless error by dismissing a petition with patently incurable defects. Dyches, 355 Ill. App. 3d at 229.

Here, we find that the court erred by dismissing the petition without providing Ross notice of its intent to dismiss the case on the court's own motion. Ross contends that if he had received notice, he could have amended his petition to state a claim for administrative review of the denial of his request under the Freedom of Information Act. See 5 ILCS 140/11 (West 2002).

The Department raises several procedural objections to the petition, arguing that the trial court could not have construed the petition Ross filed as a viable claim for review under the Freedom of Information Act. For example, the Department contends that Ross did not swear in an affidavit that he sought review by the Department's superintendent of the denial of his document

request.  The Department concludes that Ross has not adequately alleged exhaustion of administrative remedies.

Ross attached to his *mandamus* petition a form in which he apparently requested review, by the Department's superintendent, of the denial of his request for documents.  The form supports the conclusion that Ross might appropriately correct his petition by a simple amendment to show that he exhausted his administrative remedies.

The Department also notes that Ross did not object when the clerk treated the petition as part of the criminal case against Ross, rather than treating it as a separate civil action.  The Department does not show why Ross could not have corrected the error by withdrawing his petition and filing a complaint with a new case number.  The Department castigates Ross because he "never corrected the error[s]" he made in the petition.  If the trial court had followed the proper procedural steps, Ross would have had the opportunity to correct the errors.  On this record we cannot say that the defects of his petition are so patently incurable that he had no chance of amending his petition to state a valid claim for administrative review of the denial of his request for certain documents under the Freedom of Information Act.

The trial court failed to follow proper procedures when it failed to allow Ross a chance to amend the petition or otherwise respond to the trial court's *sua sponte* motion to dismiss the

complaint. The procedural error here prejudiced Ross because Ross may have valid grounds for administrative review of the denial of his request for certain documents in the possession of the Department. Therefore, we reverse the judgment of the trial court and we remand for further proceedings in accord with this opinion.

Reversed and remanded.

FITZGERALD SMITH, P.J., concurs.

Justice O'Malley, specially concurring:

I concur with the opinion of the majority. The opinion, however, relies to some extent on this court's opinion in People v. Anderson, 352 Ill. App. 3d 934 (2004), which held that the trial court could not summarily dismiss a 2-1401 petition, without notifying defendant, even though that court was cognizant of fatal flaws in the petition. However, the Anderson court did affirm the summary dismissal by the trial court in that case. Nonetheless, the holding reflected that the court erred in failing to follow notification procedures, albeit the error was harmless where defendant's petition was completely without merit. Anderson, 352 Ill. App. 3d at 946-47.

I wrote a concurrence in Anderson expressing my opinion that while I agreed with the outcome, it was my view that no error, harmless or otherwise, occurred in the court below. I

1-04-2017

continue to believe that if the appellate court is capable of recognizing that defendant's petition is

fatally flawed and not amendable to successful amendment, there is no reason that the trial court

cannot be trusted to do the same without useless procedural machinations.  This view was also

expressed by Justice Wolfson in <u>Owens v. Snyder</u>, 349 Ill. App. 3d 41 (2004), cited in the

majority opinion as well.