JUSTICE KILBRIDE, dissenting: The crucial issue here is whether the trial court’s disposition complies with section 2 — 1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2 — 1401 (West 2002)). It does not. Moreover, the trial court’s disposition is inherently prejudicial because it is a fundamental departure from the adversarial process mandated by the Code. The trial court’s dismissal of defendant’s petition should be reversed and the matter remanded for further proceedings consistent with the Code. Accordingly, I respectfully dissent. Initially, the procedure employed by the trial court in considering the petition on its own motion and dismissing the petition without prior notice or an opportunity to be heard is similar to the summary dismissal procedure contained in the Post-Conviction Hearing Act (725 ILCS 5/122 — 1 et seq. (West 2002)). While I agree with the majority that this procedure is not properly labeled a “summary dismissal,” the appellate court’s characterization in that manner is understandable given its similarity to the summary dismissal procedure. In several recent cases, our appellate court has addressed whether a trial court may dismiss a section 2 — 1401 petition as employed in this case. The Second and Third Districts and several divisions of the First District have held it is error. People v. Thompson, 368 Ill. App. 3d 348, 352 (2006); People v. Allen, 366 Ill. App. 3d 903, 908 (2006); People v. Coleman, 358 Ill. App. 3d 1063, 1068-70 (2005); People v. Edwards, 355 Ill. App. 3d 1091, 1100 (2005); People v. Dyches, 355 Ill. App. 3d 225, 229 (2005); People v. Anderson, 352 Ill. App. 3d 934, 945 (2004); People v. Pearson, 345 Ill. App. 3d 191, 193 (2003), aff’d on other grounds, 216 Ill. 2d 58 (2005). In those cases, the reviewing court reasoned that summary dismissal is a procedure available only under the Post-Conviction Hearing Act, and it should not be read into the Code by analogy when there is no expression of legislative intent for the procedure to apply outside of the Act. Allen, 366 Ill. App. 3d at 907-08; Coleman, 358 Ill. App. 3d at 1068-70; Edwards, 355 Ill. App. 3d at 1100; Dyches, 355 Ill. App. 3d at 228-29; Anderson, 352 Ill. App. 3d at 945; Pearson, 345 Ill. App. 3d at 193. Thus, in those cases, the appellate court essentially concluded that the disposition employed by the trial court was error because it was not authorized under the provisions of the Code. The Third District and the First Division of the First District have also expressly relied upon the plain language of the Code in holding that the procedure used here is error. Coleman, 358 Ill. App. 3d at 1069-70; Edwards, 355 Ill. App. 3d at 1100; Anderson, 352 Ill. App. 3d at 945. Those courts have held that the trial court’s disposition is not permissible as a matter of statutory construction because section 2 — 1401 does not provide for “summary dismissal.” Coleman, 358 Ill. App. 3d at 1069-70. The Third District has recognized that the legislature is best able to weigh any public policy concerns warranting a summary disposition of section 2 — 1401 petitions. Coleman, 358 Ill. App. 3d at 1071. Thus, in the absence of legislative guidance to the contrary, the procedure employed here cannot be applied to section 2 — 1401 petitions. Coleman, 358 Ill. App. 3d at 1069-71. I agree with the majority that the procedure used by the trial court is better characterized as sua sponte dismissal. Nonetheless, the appellate court in the cases cited above correctly analyzed the dismissals based upon the plain language of the Code. I agree with that analysis and believe that this appeal presents a simple question of statutory construction. The question is whether the trial court’s disposition is authorized by the plain language of the Code. The fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature. People v. Cordell, 223 Ill. 2d 380, 389 (2006). The best evidence of legislative intent is the statutory language, given its plain and ordinary meaning. People v. Wooddell, 219 Ill. 2d 166, 170-71 (2006). It is well established that courts may not add provisions that do not appear in a statute. See People v. Lewis, 223 Ill. 2d 393, 402 (2006), citing Bridgestone/Firestone, Inc. v. Aldridge, 179 Ill. 2d 141, 153 (1997). Section 2 — 1401 does not contain any provision authorizing the trial court’s sua sponte dismissal of defendant’s petition without notice or an opportunity to be heard. As noted by the majority, section 2 — 1401 proceedings are subject to the general rules of civil procedure. 226 Ill. 2d at 8, citing Ostendorf v. International Harvester Co., 89 Ill. 2d 273, 279 (1982). Those rules are found in the Code. Like section 2 — 1401, the remainder of the Code does not contain any specific provision allowing the trial court’s disposition. The trial court’s disposition is simply not authorized under the terms of section 2 — 1401 or the remainder of the Code. Notably, the majority does not cite any section of the Code authorizing the trial court’s disposition. Similarly, the majority does not engage in any meaningful discussion of the Code in arriving at its conclusion that the trial court’s disposition is permissible. Instead, the majority simply asserts in conclusory fashion that the trial court’s sua sponte dismissal of the petition is permitted by “Illinois pleading requirements and well-settled principles of civil practice and procedure.” 226 Ill. 2d at 13-14. However, contrary to the majority’s decision, the usual rules of civil procedure under the Code contemplate notice and hearings on motions, including dispositive motions. See Anderson, 352 Ill. App. 3d at 945 (collecting authority). When a court acts sua sponte, the court effectively creates a pending motion. Anderson, 352 Ill. App. 3d at 945. Black’s Law Dictionary defines “sua sponte” as “[wjithout prompting or suggestion; on its own motion.” Black’s Law Dictionary 1437 (7th ed. 1999). Thus, the Code requires notice to the parties of a proposed dismissal on the court’s own motion and an opportunity to be heard before dismissal. See Anderson, 352 Ill. App. 3d at 945. Significantly, if the State had initiated the court’s action in this case, it would have been required to file a motion to dismiss the petition on the pleadings under section 2 — 615 of the Code (735 ILCS 5/2 — 615 (West 2002)). The State would have also been required to identify the specific defects in the petition and to ask for appropriate relief. 735 ILCS 5/2 — 615 (West 2002). Under this court’s rules, the State would have been required to serve that motion upon defendant. 134 Ill. 2d R. 104(b). Thus, defendant would have received notice of the motion and an opportunity to respond to it. The trial court’s dismissal on its own motion disregards these basic requirements of notice and an opportunity to respond. The plain language of the Code does not authorize this procedure and, therefore, the court’s action is error. Moreover, the error here is not subject to harmless error review because it is inherently prejudicial. The trial court’s failure to give defendant prior notice of the impending dismissal and an opportunity to respond is a complete departure from the adversarial process. Coleman, 358 Ill. App. 3d at 1070-71; Pearson, 345 Ill. App. 3d at 194-95. As explained in Pearson: “[W]e can conduct harmless-error analysis only by examining fundamentally proper proceedings and considering whether, if we removed the effect of an error, we would obtain the same result. Where the error is that the proceedings were of fundamentally the wrong kind, we cannot speculatively recreate the right proceedings to determine what should have been the result. *** [T]he procedure by which the trial court dismissed [the petition] was simply too far removed from what defendant was entitled to for us to review the matter as if defendant had been given notice and an opportunity to answer.” Pearson, 345 Ill. App. 3d at 196. Finally, some courts have expressed a concern that increased prisoner litigation by “professional litigants” in the form of section 2 — 1401 petitions and other filings may overwhelm courts, and a summary or sua sponte dismissal procedure is a way to avoid that consequence. See People v. Ryburn, 362 Ill. App. 3d 870, 876-77 (2005); People v. Bramlett, 347 Ill. App. 3d 468, 472 (2004); Mason v. Snyder, 332 Ill. App. 3d 834, 841-42 (2002). I believe the concern expressed in those cases is unwarranted. Dealing with these filings in accordance with the procedure mandated by the Code does not place an undue burden on trial courts. If a trial court determines that a section 2 — 1401 petition lacks merit, it may notify the petitioner of its intent to dismiss the petition and the reasons for the proposed sua sponte dismissal. The court may set the matter for a status hearing, allowing the petitioner an opportunity to respond in writing to the proposed dismissal. The court need not allow the petitioner to appear in person and argue the sua sponte motion to dismiss the petition. If the trial court still finds the petition lacks merit following this simple process, the court may dismiss the petition. This procedure gives the petitioner notice of the proposed dismissal and an opportunity to be heard in compliance with the Code, and does not impose an undue burden on trial courts. In sum, the procedure employed by the trial court does not comply with the provisions of the Code. The error is not subject to harmless error review because it is inherently prejudicial. Accordingly, the trial court’s disposition must be reversed and the cause remanded for further proceedings consistent with the Code. For these reasons, I respectfully dissent.