2021 IL App (1st) 180670-U

No. 1-18-0670

Order filed July 13, 2021

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| LARRY FRAZIER, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 95 CR 32084 |
| | ) | |
| HONORABLE BRIAN K. FLAHERTY, | ) | Honorable |
| | ) | Brian K. Flaherty, |
| Respondent-Appellee. | ) | Judge, presiding. |

JUSTICE COBBS delivered the judgment of the court.
Justices Lavin and Pucinski concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court's *sua sponte* dismissal of petitioner's *pro se* complaint for *mandamus* was proper and any procedural error was harmless when the complaint contained patently incurable defects.

¶ 2    Petitioner Larry Frazier appeals from the circuit court's *sua sponte* dismissal of his *pro se* complaint for *mandamus*. On appeal, petitioner contends that the circuit court erred by dismissing the complaint without following the procedures set forth in the *mandamus* statute contained in the Code of Civil Procedure of 1963 (Code) (see 735 ILCS 5/14-101 *et seq.* (West 2016)). We affirm.

¶ 3    The facts of this case were detailed in our disposition of petitioner's direct appeal. See *People v. Frazier*, No. 1-99-3820 (2001) (unpublished order under Supreme Court Rule 23). Accordingly, we set forth only those facts necessary for understanding the issues in this appeal.

¶ 4    Following an incident on September 26, 1995, petitioner was charged with, *inter alia*, home invasion and residential burglary. At petitioner's jury trial, the victim testified that petitioner entered her apartment, demanded money, and threatened to kill her. At one point, petitioner obtained the victim's firearm. Ultimately, the victim and petitioner struggled over the firearm, resulting in a gunshot wound to petitioner's chest. During cross-examination, the victim testified that she was 63 years old on September 26, 1995. The jury found petitioner guilty of home invasion and residential burglary.

¶ 5    At sentencing, the trial court noted that petitioner's criminal background included four robbery convictions as well as convictions for possession of a stolen motor vehicle and armed robbery. Moreover, petitioner committed the instant offense within two weeks of his release from prison. The court merged the residential burglary count into the home invasion count and imposed an extended term of 60 years in prison on the basis that the victim was over 60 years of age. See 730 ILCS 5/5-3.2(b)(4)(ii) (West 1994).

¶ 6    Petitioner's sole argument on direct appeal was that his extended-term sentence was unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because the victim's age was not submitted to the jury as an element of the offense. This court affirmed, finding that any error was harmless when there was no doubt that the victim was more than 60 years old, and defense counsel elicited testimony from her that she was 63 years old at the time of the offense. *Frazier*, No. 1-99-3820, order at 10-11, 13.

¶ 7 Petitioner then filed an unsuccessful petition for relief under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2002)). See *People v. Frazier*, 2011 IL App (1st) 091889-U.

¶ 8 On March 28, 2014, petitioner filed a *pro se* motion for leave to file a petition for *habeas corpus* relief alleging the same *Apprendi* violation and that he was not notified of the sentencing enhancement. On May 1, 2014, the circuit court denied petitioner relief. On appeal, we granted appointed counsel's motion to withdraw under *Pennsylvania v. Finley*, 481 U.S. 551 (1987), and affirmed. See *People v. Frazier*, 2016 IL App (1st) 141766-U.

¶ 9 In November 2014, petitioner filed a *pro se* petition for relief from judgment (735 ILCS 5/2-1401 (West 2014)) and supplemental petition alleging, *inter alia*, the *Apprendi* claim raised in his prior filings. On January 30, 2015, the circuit court denied petitioner relief, noting that the argument was meritless and repeatedly litigated.

¶ 10 On appeal, petitioner's appointed counsel filed a motion for leave to withdraw submitting, in pertinent part, that petitioner's claims were barred by *res judicata*. We granted the motion and affirmed the judgment of the circuit court. See *People v. Frazier*, 2017 IL App (1st) 150883-U.

¶ 11 On July 7, 2017, petitioner filed a *pro se* motion for reduction of sentence. On August 25, 2017, the circuit court found that it lacked jurisdiction to consider the motion and denied it.

¶ 12 On November 17, 2017, petitioner filed a *pro se* document titled "Leave to File Complaint for *Mandamus*." The complaint alleged that the circuit court refused to perform the "ministerial act" of vacating the void extended-term portion of petitioner's sentence when it was not imposed in compliance with the statutory sections codifying the rule from *Apprendi*. See 725 ILCS 5/111-3(c-5) (West 2016); 730 ILCS 5/5-8-2(a) (West 2016).

¶ 13    On December 8, 2017, the circuit court denied respondent relief stating, in pertinent part, that the issue had been considered multiple times by the circuit court and also the appellate court. On April 9, 2018, this court granted petitioner leave to file a late notice of appeal.

¶ 14    On appeal, petitioner contends that the circuit court erred by *sua sponte* dismissing his *pro se* complaint for *mandamus* without giving him the chance to appear and argue his position.

¶ 15    The State replies that the court may *sua sponte* dismiss a *mandamus* complaint when the complaint is frivolous or patently without merit or fails to state a cause of action. The State notes that because petitioner's challenge to the extended-term portion of his sentence has been repeatedly rejected, the court properly determined that the *mandamus* complaint was frivolous and that no amendments or proceedings could result in the requested relief.

¶ 16    *Mandamus* relief is an extraordinary remedy that is used to compel a public officer or body to perform a nondiscretionary official duty. *McFatridge v. Madigan*, 2013 IL 113676, ¶ 17. In order to obtain *mandamus* relief, the movant must establish that (1) he has a clear right to the relief requested, (2) the public officer has a clear duty to act, and (3) the public officer has clear authority to comply with an order granting *mandamus* relief. *Id*. *Mandamus* may not be used to compel a public officer to perform an act that involves the exercise of discretion. See *id*. Despite the extraordinary nature of *mandamus* relief, *mandamus* proceedings are governed by the same pleading rules that apply to other actions. See *Noyola v. Board of Education of the City of Chicago*, 179 Ill. 2d 121, 133 (1997). The provisions contained in the Code (735 ILCS 5/14-101 *et seq.* (West 2016)) provide a procedural framework for *mandamus* actions, including that once a complaint has been filed, a summons is issued and the respondent answers or otherwise pleads.

Further provisions provide for the petitioner's reply and amendments to the complaint. See 735 ILCS 5/14-104, 14-108, 14-109 (West 2016).

¶ 17    We consider *de novo* whether the complaint stated a cause of action for *mandamus*. *Newsome v. Illinois Prison Review Board*, 333 Ill. App. 3d 917, 918 (2002) (citing *Toombs v. City of Champaign*, 245 Ill. App. 3d 580, 583 (1993)); see also *McFatridge*, 2013 IL 113676, ¶ 16 ("Our review of the circuit court's dismissal order is *de novo*.").

¶ 18    Based on our review of the record, we conclude that petitioner cannot state a claim for *mandamus*. Here, petitioner seeks the vacation of the extended-term portion of his sentence through what he terms a "ministerial" action of the circuit court. However, petitioner's challenge to his sentence has been consistently rejected and he cannot use the extraordinary remedy of *mandamus* to compel the circuit court to overlook the doctrine of *res judicata* to refashion his sentence.

¶ 19    *Owens v. Snyder*, 349 Ill. App. 3d 35 (2004), is instructive. In that case, the petitioner filed a complaint for *mandamus* alleging that the Department of Corrections would improperly begin his term of mandatory supervised release (MSR) after his release from prison when it should be served concurrent to his prison terms; otherwise, he would serve more "time" than contemplated by his plea agreement. *Id.* at 38. The circuit court " 'summarily' denied [the] complaint, a *sua sponte* dismissal, without prior notice" and before issuance of a summons to the respondent named in the complaint. *Id.* On appeal, the petitioner argued that the circuit court lacked the authority to summarily dismiss the complaint for *mandamus* under the relevant provisions of the Code and the order was therefore void. *Id.* at 38-39.

¶ 20    The appellate court found that the circuit court acquired both subject matter jurisdiction and personal jurisdiction over the petitioner when he filed the complaint, and therefore had jurisdiction to dismiss it. *Id.* at 40-41. Moreover, "no prejudice *** resulted from the *** court's failure to follow the Code strictly" when the petitioner raised no legal argument and cited no authority for the proposition that his term of MSR should run concurrent to his prison terms. *Id.* at 44-45. In other words, the claim was frivolous. The court therefore concluded that any possible procedural defect was harmless:

> "If the trial court had followed the Code ***, [the petitioner] would be in the same position he now is in. Dismissal of his complaint was inevitable. [The petitioner] requests this court to reverse and remand for further proceedings. Such action would have little remedial effect, only delaying dismissal. ***.

> We agree with the trial court's conclusion that [the petitioner] did not demonstrate anything close to a clear, affirmative right to relief, the *sine qua non* for *mandamus*. There was nothing *** to make it any better. *** This judge apparently saw the *** complaint for what it was—a totally deficient claim for *mandamus* relief." *Id.* at 45.

¶ 21    The court therefore concluded that the circuit court had the inherent authority to dismiss a patently frivolous *mandamus* complaint before service on the respondent was issued. *Id.*; see also *Mason v. Snyder*, 332 Ill. App. 3d 834, 842 (2002) (finding that "trial courts have the authority to *sua sponte* order stricken *mandamus* petitions the courts find to be frivolous and without merit").

¶ 22    We find the reasoning in *Owens*, that the failure to follow statutory procedures do not require reversal in those cases where the complaint for *mandamus* has patently incurable defects, persuasive. Here, the circuit court *sua sponte* dismissed the complaint for *mandamus* as it sought

the same relief that petitioner has unsuccessfully sought since his direct appeal, namely, that the extended-term portion of his sentence be vacated. In other words, his claim is barred by *res judicata.* See *People v. Johnson*, 2021 IL 125738, ¶ 48 (quoting *People v. Blair*, 215 Ill. 2d 427, 445 (2005) (noting, in the context of postconviction proceedings, that "[w]here *res judicata* *** preclude[s] a defendant from obtaining relief, such a claim is necessarily 'frivolous' or 'patently without merit' ")). As in *Owens,* a review of petitioner's contentions reveals that his complaint is without merit. Accordingly, as petitioner has not established that (1) he has a clear right to the relief requested, (2) the public officer has a clear duty to act, and (3) the public officer has clear authority to comply with an order granting *mandamus* relief, the dismissal of the complaint was proper. *McFatridge*, 2013 IL 113676, ¶ 17.

¶ 23    To the extent that petitioner relies on *People v. Ross*, 367 Ill. App. 3d 890 (2006), to argue that the circuit court was required to notify him and provide an opportunity to argue in support of his pleading, we find that case distinguishable.

¶ 24    In *Ross*, the petitioner requested certain documents from the Chicago Police Department (CPD), and after CPD denied much of the request, he filed a petition for *mandamus*, claiming that CPD had neglected its duty to produce the requested records. *Id.* at 890. The clerk of the court assigned the petition to the petitioner's criminal case, effectively treating it as a postconviction petition, and the circuit court dismissed the petition *sua sponte* and without notice. The petitioner appealed, arguing that had he received notice, he could have amended his petition to state a claim for administrative review.

¶ 25    On appeal, this court explained that when the circuit court finds a *mandamus* petition insufficient to state a claim for *mandamus* relief or for relief from a judgment, the court must notify

the petitioner of its intention to dismiss the petition as insufficient and the petitioner then should have the chance to withdraw or amend his pleading and to argue for its sufficiency before the court. *Id.* at 893. When the circuit court does not follow the "proper procedures" and this procedural defect prejudices the petitioner, we must reverse. *Id.* However, we will not reverse if the circuit court committed "harmless error by dismissing a petition with patently incurable defects." *Id.* As Justice O'Malley noticed in a special concurrence, "if the appellate court is capable of recognizing that [the petitioner's] petition is fatally flawed and not amendable to successful amendment, there is no reason that the trial court cannot be trusted to do the same without useless procedural machinations." *Id.* at 895. Ultimately, we determined that it was possible for the petitioner to amend his petition to state a valid claim for administrative review of the denial of his request for certain documents and remanded for further proceedings. *Id.* at 894.

¶ 26    Unlike *Ross*, as discussed above, petitioner's complaint for *mandamus* was not similarly salvageable when his claim was barred by *res judicata* and therefore meritless. Petitioner, however, relies on *Caroll v. Akpore*, 2014 IL App (3d) 130731, to argue that the statutory procedures must be followed even when a *mandamus* complaint is "perceived" as having no merit.

¶ 27    In *Caroll*, an inmate filed a *pro se mandamus* petition seeking prison officials' compliance with certain statutory requirements relating to sanitary food preparation. The circuit court reviewed the petition and dismissed it *sua sponte* within days of its filing and before the respondents were served. *Id.* ¶ 1.

¶ 28    On appeal, the court addressed whether the circuit court could *sua sponte* dismiss a petition seeking *mandamus* relief. The court noted that the *mandamus* provisions in the Code required service on the respondents and did not provide for "summary dismissal" of the petition. *Id.* ¶ 3.

That said, the court acknowledged that our supreme court has held that a *mandamus* petition could be "summarily dismissed" when the relief it sought was cognizable in a postconviction petition, even in those cases where the filing was not labeled as a postconviction petition. *Id.* (citing *People v. Shellstrom*, 216 Ill. 2d 45, 50 (2005)). Accordingly, because the relief sought by the petitioner was not cognizable in a postconviction petition, the court concluded that the circuit court erred when it *sua sponte* dismissed the petition. *Id.* ¶ 4. In so doing, the court emphasized that it was not addressing the petition on its merits, but remanding for service of the petition on the respondents. *Id.* ("[t]he fact that the petition may have no merit does not allow the trial court to disregard the procedural framework provided in the Code and the *mandamus* statute").

¶ 29    We are not persuaded by petitioner's reliance on *Carroll*. In the case at bar, although the circuit court dismissed the complaint for *mandamus* without following the procedure contained in the Code, petitioner alleged that he was unconstitutionally sentenced to an extended term, the type of argument that can be raised in a postconviction petition. See *People v. Pendleton*, 223 Ill. 2d 458, 471 (2006) (holding that "[t]o be entitled to postconviction relief, a defendant must show that he has suffered a substantial deprivation of his federal or state constitutional rights in the proceedings that produced the conviction or sentence being challenged"); see also *Shellstrom*, 216 Ill. 2d at 50-51 (because the relief sought in the *mandamus* petition could have been sought in a postconviction petition, it was proper for the circuit court to consider it under the postconviction framework and dismiss it as frivolous and patently without merit). Consequently, the circuit court did not err by *sua sponte* dismissing the complaint.

¶ 30    Ultimately, in the case at bar, as in *Owens*, no prejudice resulted from the circuit court's failure to strictly follow the Code because petitioner failed to demonstrate "a clear, affirmative

right to relief, the *sine qua non* for *mandamus*," when his claim was barred by *res judicata*. *Owens*, 349 Ill. App. 3d at 44-45. Accordingly, because the circuit court dismissed a complaint with "patently incurable defects," any error was harmless and petitioner's contentions on appeal fail. See *Ross*, 367 Ill. App. 3d at 893.

¶ 31     For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 32     Affirmed.