# Illinois Official Reports

## Appellate Court

---

### *Carroll v. Akpore*, 2014 IL App (3d) 130731

---

| | |
|---|---|
| Appellate Court Caption | RONNIE CARROLL, Plaintiff-Appellant, v. KEVWE AKPORE and SALVADOR GODINEZ, Defendants-Appellees. |
| District & No. | Third District<br>Docket No. 3-13-0731 |
| Rule 23 Order filed<br>Motion to publish allowed<br>Opinion filed | September 30, 2014<br><br>November 25, 2014<br>November 25, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court's dismissal of an inmate's *mandamus* petition requiring defendants, the warden of the facility in which he was held and the Director of the Department of Corrections, to comply with the statutory food preparation requirements was reversed and remanded, since the record showed that the trial court summarily dismissed the petition before the named defendants could be served, but in such situations, the Code of Civil Procedure provides for the issuance of summons by the circuit clerk and does not provide for summary dismissal prior thereto; furthermore, while the Illinois Supreme Court's decision in *Shellstrom* provides that a *mandamus* petition may be summarily dismissed if the relief sought is cognizable in a postconviction petition and the petition could be dismissed as frivolous and patently without merit, the matter here could not be addressed in a postconviction petition, and the cause was remanded for service on defendants. |
| Decision Under Review | Appeal from the Circuit Court of Knox County, No. 13-MR-97; the Hon. Paul L. Mangieri, Judge, presiding. |

| | |
|---|---|
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Ronnie Carroll, of Galesburg, appellant *pro se*. |
| | No brief filed for appellees. |
| Panel | JUSTICE HOLDRIDGE delivered the judgment of the court with opinion. |
| | Justices Schmidt and O'Brien concurred in the judgment and opinion. |

## OPINION

¶ 1 The plaintiff, Ronnie Carroll, an inmate at the Hill Correctional Center (HCC), filed a *pro se mandamus* petition against Kevwe Akpore, HCC warden, and Salvador Godinez, Director, Department of Corrections (DOC). The petition alleged that DOC and HCC were not in compliance with certain statutory requirements regarding sanitary food preparation at HCC. 410 ILCS 650/10 (West 2010). Plaintiff asked the trial court to issue an order of *mandamus* requiring the defendants to comply with those statutory food preparation requirements. Within days of the plaintiff's filing of this petition with the circuit clerk, the trial court reviewed the petition and *sua sponte* entered an order dismissing the petition. The court took this action before the named defendants or anyone else connected with the DOC was served. Accordingly, no attorney ever appeared on behalf of the named defendants or the DOC. The plaintiff filed a motion to vacate the order of dismissal, which was promptly denied by the trial court. The plaintiff then filed a timely notice of appeal. It appears from the record that the defendants, having never been served with summons, were not notified of the notice of appeal.

¶ 2 This appeal is unusual because the appellant appears *pro se* and no one appears on behalf of the appellees. However, because the issue is one that can easily be decided without the aid of an appellee's brief, we can address the matter. *Mason v. Snyder*, 332 Ill. App. 3d 834 (2002). We further note that the failure to serve a copy of a notice of appeal upon an opposing party does not deprive the appellate court of jurisdiction since the only jurisdictional step in appealing a final judgment is the filing of a notice of appeal. *Leneehan v. Township Officers Electoral Board of Schaumburg Township*, 2013 IL App (1st) 130619, ¶ 27 (citing *Simmons v. Chicago Housing Authority*, 267 Ill. App. 3d 545, 551 (1994)). The record herein established that the trial court issued a final and appealable order and that the plaintiff filed a timely notice of appeal. We therefore have jurisdiction to address the plaintiff's appeal.

¶ 3 The issue on appeal is a simple one: can the trial court dismiss *sua sponte* a petition seeking *mandamus* relief. The court in *Mason* held that a trial court has an inherent authority to dismiss any civil complaint *sua sponte*. *Mason*, 332 Ill. App. 3d at 840. However, more recent decisions have called this holding into question. In *People v. Shellstrom*, 345 Ill. App. 3d 175 (2003), the appellate court rejected the inherent authority analysis and held that the *mandamus*

statute, which is contained in the Code of Civil Procedure (735 ILCS 5/14-103 (West 2010)) (the Code) does not authorize the trial court to summarily dismiss a complaint for *mandamus*. *Shellstrom*, 345 Ill. App. 3d at 177. Instead, the Code provides a clear procedural framework for a trial court to follow when a *mandamus* petition is filed. The statutory framework includes issuance of summons by the circuit clerk and does not provide for summary dismissal prior to issuance of a summons. *Id*. On review, however, our supreme court in *Shellstrom* held that a petition labeled as a *mandamus* petition could be summarily dismissed if the relief sought was cognizable in a postconviction petition, even if the petitioner did not proceed under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2002)). *People v. Shellstrom*, 216 Ill. 2d 45, 50 (2005). Our supreme court held that, since the relief sought in the *mandamus* petition was relief that could have been sought in a postconviction petition, it was proper for the trial court to consider the petition under the postconviction framework and dismiss the petition as being frivolous and patently without merit. *Id.*

¶ 4       In the instant matter, the relief sought by the *mandamus* petition was to require the defendants to comply with certain statutory requirements regarding food preparation in the prison cafeteria. The relief sought by the petitioner was, clearly, not an issue that could be addressed in a postconviction petition. The trial court, therefore, erred in dismissing the *mandamus* petition without allowing the petition to be served upon the defendants, and the cause must be remanded to the circuit court to allow the matter to proceed. In remanding the matter, we note that we have not addressed the merits of the petition. The fact that the petition may have no merit does not allow the trial court to disregard the procedural framework provided in the Code and the *mandamus* statute. *Shellstrom*, 345 Ill. App. 3d at 179.

¶ 5       For the foregoing reasons, the judgment of the circuit court of Knox County is reversed, and the cause is remanded for service of the petition upon the defendants.

¶ 6       Reversed and remanded.