2019 IL App (3d) 180135

Opinion filed September 16, 2019

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2019

| | | |
|---|---|---|
| KEITH L. WILLIAMS, | ) | Appeal from the Circuit Court |
| | ) | of the 9th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Knox County, Illinois. |
| | ) | |
| v. | ) | Appeal No. 3-18-0135 |
| | ) | Circuit No. 18-MR-18 |
| STEPHANIE DORETHY, Warden, | ) | |
| Hill Correctional Center, *et al.*, | ) | The Honorable |
| | ) | Scott Shipplett, |
| Defendants-Appellees. | ) | Judge, presiding. |
| | ) | |

JUSTICE McDADE delivered the judgment of the court, with opinion.
Justice Holdridge concurred in the judgment and opinion.
Justice Carter dissented, with opinion.

**OPINION**

¶ 1       The plaintiff, Keith L. Williams, an inmate at the Hill Correctional Center (HCC), requested leave to file a *mandamus* petition against numerous defendants, including Stephanie Dorethy, the warden of HCC. The court allowed the filing and *sua sponte* dismissed the petition. On appeal, Williams argues that the court erred when it dismissed his petition. We reverse and remand.

## I. BACKGROUND

On February 13, 2018, Williams filed a *pro se* request for leave to file a *mandamus* petition against the defendants. The petition alleged various violations and/or abuses of prison policies by HCC administration and staff.

In a letter to Williams dated February 15, 2018, the circuit court allowed the petition to be filed and dismissed the petition. After citing case law on what is required to survive a challenge to the legal sufficiency of a *mandamus* complaint, the court stated:

> "Your Petition is an amalgamation of every complaint that you have against the Department of Corrections, against the Judgment of Conviction, actions in Federal Court, housing placement, denial of a 'holiday shop' handling of disciplinary reports, and really countless other grievances, none of which touch on the simple 4 requirements of a Mandamus complaint as stated above.
>
> For these reasons, the Court will allow your filing without cost, deny your Petition for Counsel, and Dismiss the Petition Instanter."

The dismissal was entered before any of the defendants had been served.

Williams filed a timely notice of appeal. The record indicates that the defendants were never notified of the appeal; no appellee's brief was filed.

## II. ANALYSIS

On appeal, Williams argues that the circuit court erred when it dismissed his *mandamus* petition.

¶ 8     Initially, we note that the lack of an appellee's brief is not necessarily an impediment to the resolution of an appeal. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976). Because the record and issue presented in this case is simple, we will decide the appeal on its merits. *Id.*

¶ 9     "*Mandamus* is an extraordinary remedy appropriate to enforce as a matter of public right the performance of official duties by a public officer where no exercise of discretion on his part is involved." *Madden v. Cronson*, 114 Ill. 2d 504, 514 (1986). The provisions on *mandamus* contained in the Code of Civil Procedure (the Code) (735 ILCS 5/14-101 to 14-109 (West 2016)) provide a specific framework for circuit courts to follow once a *mandamus* petition has been filed. *Carroll v. Akpore*, 2014 IL App (3d) 130731, ¶ 3.

¶ 10    In nearly identical circumstances, this court in *Carroll* addressed the question of whether a circuit court can *sua sponte* dismiss a *mandamus* petition. *Id.* In that case, the petitioner sought an order compelling proper food preparation as required by statute. *Id.* ¶ 1. The circuit court dismissed the petition within days of its filing and before the defendants were even served. *Id.*

¶ 11    In analyzing the issue, the *Carroll* court noted that the *mandamus* provisions in the Code required service on the defendants and did not provide for "summary dismissal" of the petition. *Id.* ¶ 3. However, the *Carroll* court acknowledged that our supreme court has held that a *mandamus* petition can be "summarily dismissed" if the relief it sought was cognizable in a postconviction petition—even if the petition was not labeled as a postconviction petition. *Id.* (citing *People v. Shellstrom*, 216 Ill. 2d 45, 50-51 (2005)). Because the relief sought by the plaintiff was not cognizable in a postconviction petition, the *Carroll* court concluded that the circuit court erred when it *sua sponte* dismissed the plaintiff's petition. *Id.* ¶ 4. Lastly, the *Carroll* court emphasized that it was not addressing the defendant's petition on its merits, but

rather was remanding the case for service of the petition on the defendants. *Id.* (stating that "[t]he fact that the petition may have no merit does not allow the trial court to disregard the procedural framework provided in the Code and the *mandamus* statute").

¶ 12     We believe the same outcome from *Carroll* is mandated in this case. The circuit court dismissed Williams's *mandamus* petition without following the clear statutory procedure contained in the Code. The petition alleged various violations and/or abuses of prison policies by HCC administration and staff, which are not the type of arguments that can be raised in a postconviction petition. See *People v. Pendleton*, 223 Ill. 2d 458, 471 (2006) (holding that "[t]o be entitled to postconviction relief, a defendant must show that he has suffered a substantial deprivation of his federal or state constitutional rights in the proceedings that produced the conviction or sentence being challenged"). Accordingly, we hold that the circuit court erred when it *sua sponte* dismissed Williams's petition. See *Carroll*, 2014 IL App (3d) 130731, ¶ 4. We remand the case for service of the petition on the defendants. See *id.* ¶ 5.

¶ 13     Lastly, we acknowledge the dissent's position and the existence of older cases from other districts that stand for the proposition that a circuit court can *sua sponte* dismiss a *mandamus* complaint based on the court's inherent authority to control its docket. See *Mason v. Snyder*, 332 Ill. App. 3d 834, 842 (2002); *Owens v. Snyder*, 349 Ill. App. 3d 35, 45 (2004). However, we choose to follow *Carroll*, which is a much more recent case from our own district, especially in light of the clear statutory directive in section 14-102 (735 ILCS 5/14-102 (West 2016)) that the clerk "shall" issue a summons to the defendant after a *mandamus* petition has been filed. See *Carroll*, 2014 IL App (3d) 130731, ¶ 3. The legislature is aware of how to provide for *sua sponte* dismissals of pleadings (see, *e.g.*, 725 ILCS 5/122-2.1(a)(2) (West 2016) (providing authorization for dismissals of postconviction petitions that are frivolous and patently without

4

merit)); if the legislature had intended for *sua sponte* dismissals of *mandamus* petitions, they would have so provided.

¶ 14                                    III. CONCLUSION

¶ 15        The judgment of the circuit court of Knox County is reversed, and the cause is remanded.

¶ 16        Reversed and remanded.

¶ 17        JUSTICE CARTER, dissenting:

¶ 18        I respectfully dissent from the majority's decision in the present case. Although I have agreed with the majority on this issue in the past, upon further reflection and additional research, I would now hold that the trial court has inherent authority to *sua sponte* dismiss or strike a mandamus petition that is frivolous or patently without merit. See *Mason v. Snyder*, 332 Ill. App. 3d 834, 842 (2002); *Owens v. Snyder*, 349 Ill. App. 3d 35, 45 (2004). In my opinion, the trial court has the ability to do so based upon its inherent authority to control its courtroom and its docket. See *Mason*, 332 Ill. App. 3d at 842; *Owens*, 349 Ill. App. 3d at 45. I would, therefore, affirm the trial court's *sua sponte* dismissal of the frivolous and patently meritless mandamus petition in the instant case.

**No. 3-18-0135**

| | |
|---|---|
| **Cite as:** | *Williams v. Dorethy*, 2019 IL App (3d) 180135 |
| **Decision Under Review:** | Appeal from the Circuit Court of Knox County, No. 18-MR-18; the Hon. Scott Shipplett, Judge, presiding. |
| **Attorneys for Appellant:** | Keith L. Williams, of Galesburg, appellant *pro se*. |
| **Attorneys for Appellee:** | No brief filed for appellees. |